THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MATTEO ZALAPI, Plaintiff in Error.

*Opinion filed June 16, 1926.*

1. CRIMINAL LAW—*when information under Prohibition act is sufficient.* An information charging in two counts, respectively, that the defendant unlawfully, "except as authorized" by the Prohibition act, had and possessed, with intent to sell, certain intoxicating liquor, and unlawfully sold the same without in either case having a permit from the Attorney General, is not subject to the objection that the expression "except as authorized" gives a contradictory meaning, as the information is sufficient without such expression and the words may be regarded as surplusage.

2. SAME—*what is not ground for continuance of a prosecution for violation of Prohibition act.* A motion for continuance of a prosecution for violation of the Prohibition act is properly denied where the affidavit accompanying the motion merely tends to show prejudice by showing newspaper articles giving extracts from sermons and resolutions adopted commending the State's attorney for his activity in enforcing the Prohibition act and commending the judge for imposing heavy sentences, where the defendant's name is not referred to in any of the articles.

3. SAME—*when a challenge to the array is properly overruled.* Where the names of the entire ten per cent of the voters are improperly placed in the jury box at the regular meeting of the county board, but at a subsequent meeting a new ten per cent list is prepared and the required number selected therefrom and placed in the box in accordance with the provisions of the statute, a challenge to the array is properly overruled where the jury challenged is drawn from the second list properly selected.

4. SAME—*search warrant is not void because complaint therefor shows other offenses.* A search warrant for the seizure of property possessed in violation of the Prohibition act is not invalid because the complaint therefor shows the commission of other offenses by reciting that the party making the complaint purchased intoxicating liquor in the premises to be searched, as the complaint may charge one or more crimes on information and belief, where the facts stated in the complaint, if true, conclusively show, as probable cause for the issuing of the warrant, that a crime has been committed.

5. SAME—*when description of property to be seized by a search warrant is sufficient.* The affidavit for the issuing of a search war-

rant for the seizure of property possessed in violation of the Pro-
hibition act is sufficient where it states that the property to be
seized consists of intoxicating liquor and the vessels or implements
containing such liquor or with which it is made, as such descrip-
tion is sufficient to apprise the party in possession of such property
of the nature of the charge against him that he has property which
he is not authorized by law to possess.

6. SAME—*sections 29 and 30 of Prohibition act require suffi-
cient description of the property to be seized and are valid.* Sec-
tions 29 and 30 of the Prohibition act, authorizing the issuance of
a search warrant, sufficiently require the affidavit for the warrant
to particularly describe the property to be seized as well as the
place to be searched; and the fact that the provision of section 30
prescribing the form of warrant is too broad in authorizing the
seizure of all property kept for the purpose of violating any law
does not render invalid the other provisions of sections 29 and 30,
as it may be regarded as surplusage in cases under the Prohibition
act. (*Lippman* v. *People,* 175 Ill. 101, distinguished.)

7. SAME—*liquor and articles seized by proper search warrant
are admissible in evidence.* Liquor and other articles seized by a
proper search warrant issued for the seizure of property possessed
in violation of the Prohibition act are admissible in evidence in a
prosecution of the party possessing such articles.

8. SAME—*when the record need not be free from error.* Where
proof of the defendant's guilt is conclusive it is not essential to a
conviction that the record be free from all error.

WRIT OF ERROR to the County Court of Winnebago
county; the Hon. WILLIAM L. LEECH, Judge, presiding.

ROY F. HALL, and W. R. DUSHER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D.
KNIGHT, State's Attorney, S. S. DUHAMEL, and ALFRED B.
LOUISON, for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, Matteo Zalapi, was found guilty by
a jury in the county court of Winnebago county on an in-
formation containing two counts, charging him with hav-

ing and possessing, with intent to sell, intoxicating liquor
unlawfully, and with unlawfully selling intoxicating liquor,
in violation of the Prohibition act. The court entered judg-
ment on the verdict, sentencing him to serve 60 days in
the county jail of said county on the first count and to serve
a sentence under the second count of 120 days in said jail
and to pay a fine of $500 and all costs of prosecution, the
sentences to be served consecutively. This writ of error is
prosecuted direct to this court to review the judgment on
the ground that a constitutional question is raised.

The first count charges that plaintiff in error (herein
referred to as the defendant) on July 3, 1925, within said
county and State, intoxicating liquor containing more than
one-half of one per cent of alcohol by volume and fit for
use for beverage purposes did then and there unlawfully,
and except as authorized in and by the Illinois Prohibition
act, have and possess with intent to sell the same, without
having then and there a permit from the Attorney General
of the State of Illinois so to do. The second count charges
the defendant with unlawfully selling intoxicating liquor
containing more than one-half of one per cent of alcohol
by volume and fit for use for beverage purposes without
having then and there a permit from the Attorney Gen-
eral of the State of Illinois so to do, etc. This count also
contained the words "except as authorized in the Illinois
Prohibition act," and which are used in the same form and
manner as they are used in the first count.

The court overruled the motion of the defendant to
quash the information, and this action of the court is as-
signed as error. Under the holding of this court in the
case of *People* v. *Tate,* 316 Ill. 52, both counts of the in-
formation are unquestionably good counts if the phrase "ex-
cept as authorized in this act" had been omitted from the
counts of the information. It cannot at all be said that
these words make any better count or information by their
addition than was the count approved in the *Tate case,* and

why such was added as a supposed improvement or what was intended by the pleader is not at all clear by the use of those words. The words "except as authorized" are found in the Prohibition act and perhaps are taken from that act, as suggested by the defendant's counsel. Section 3 of that act provides that no person shall manufacture, sell, barter, transport, deliver, furnish or possess any intoxicating liquor "except as authorized in this act." The above words quoted may be read "otherwise than as authorized in this act," and that is the meaning of them. Applying the same words in the information, the charge in the first count would be, did unlawfully and otherwise than as authorized in and by the Illinois Prohibition act have and possess, etc. This harmonizes all words used by the pleader and does not make the counts have a contradictory meaning, as charged by the defendant. The said words added are only a mere conclusion and may be regarded as surplusage in both counts under the holding of this court in *People* v. *Berman,* 316 Ill. 547, and *People* v. *Osborne,* 278 id. 104, and when so considered both counts are good counts. The court did not err in overruling the motion to quash.

The court did not err in overruling the defendant's motion for continuance. There is no statutory provision for continuance on the ground of prejudice against the defendant by certain groups of people, which in this case seem to be church people, or on account of such people by their acts attempting to prejudice the court and the jurors against him. The affidavit for continuance had attached to it copies of articles from newspapers giving extracts from sermons preached by ministers and resolutions adopted by churches commending the State's attorney for his activity in enforcing the Illinois Prohibition act and commending the judge for imposing heavy sentences in cases wherein defendants charged with violating the act were found guilty, etc. Defendant's name appeared in none of the articles, and there is no showing in this case that the defendant was preju-

diced by the overruling of the motion for continuance, or that a continuance would have avoided the danger to the defendant of any such prejudice, if any existed.

The court did not err in overruling the defendant's challenge to the array of jurors. The court discharged one panel of jurors because they had served more than two weeks and ordered a new panel drawn. The challenge was to this new panel. The facts shown are, that in September, 1924, a list of jurors of the county was prepared by the county board consisting of about ten per cent of the legal voters of the county, and all the names on that list were placed in the jury box, contrary to the provisions of the statute. The county board met in March, 1925, at an adjourned session of the September meeting and prepared a new list of approximately ten per cent of the voters of each town of the county and from this list made a selective list of 400 names in accordance with the provision of the statute, and the names of the selective jurors were put in the jury box. The jury challenged was drawn from these 400 so selected in the usual way. It was of no importance whether the names of the jurors drawn from the September list were taken out of the box by unauthorized persons or otherwise. The natural presumption in the absence of the showing is that it was done by the order of the county board and because those names placed in the jury box were placed there illegally or not in accordance with the statute. Section 3 of the Jurors act provides that if for any reason the list or selection provided for in the foregoing sections should not be made at the meeting of the board held at the time specified, such list or selection shall be made at any meeting to be held as soon thereafter as may be. The county board proceeded in accordance with the statute in making the new list of jurors and the selection therefrom of the names of persons qualified and competent to sit as jurors to be placed in the jury box at their March meeting,

and no error was committed in overruling the second challenge to the array.

The court overruled the defendant's motion to quash the search warrant issued in this cause and to impound the articles and liquor seized under the search warrant and to suppress on the trial all evidence concerning the liquor and articles seized, on the ground that the sections of the Illinois Prohibition act authorizing the issuance of search warrants are unconstitutional and that the complaint filed did not authorize the issuance of a search warrant, and other grounds. The motion was supported by an affidavit having attached thereto copies of the complaint and of the search warrant. Thereafter a plea of not guilty was entered and the evidence was heard by court and jury.

The facts proved are the following: In June and July, 1925, defendant was in business at 427 South Main street, in the city of Rockford. He had there a soda fountain and sold ice cream, soft drinks, cigars and tobacco. The rear of the premises was partitioned, and the partition separated from the front part, where the business was conducted, his residence in the rear, occupied by him alone, he being a bachelor. The front or business part of the building was divided into two rooms by an archway. Back of the archway there were tables and chairs, where ice cream and drinks were served. In front of the archway were located the soda fountain and cigar case. On the afternoon of July 1, 1925, three deputy sheriffs with a search warrant entered the said premises and seized and took therefrom a two-quart fruit jar found behind the soda fountain, which jar was about three-fourths full of liquor. They also seized and took from said premises two cases containing about twenty-four bottles, each, of beer. The liquor in the fruit jar was what the witnesses termed "moonshine whiskey." According to the testimony of a witness and chemist who analyzed the liquor, the whiskey contained 44.11 per cent of alcohol by volume and the beer more than two per cent of alcohol by

volume, and both liquors were fit for use as a beverage according to the testimony of the chemist and the witnesses. Two private detectives testified for the State that on June 28, 29 and 30, 1925, they purchased from plaintiff in error at the said place of business whiskey and beer, which they drank in his place of business. On June 30 one of them, in the company of the other, purchased from plaintiff in error a bottle of liquor which the chemist testified that he analyzed and found the contents of that bottle of liquor contained exactly the same per cent of alcohol by volume as that seized in the fruit jar. The analysis of this bottle showing the same alcoholic contents as that of the whiskey in the fruit jar seized is corroborative evidence of the State's witnesses that they did purchase whiskey from the defendant. The defendant in his testimony denies that the detectives were in his place of business on June 28, 29 or 30, 1925, but stated that they were there several times before those days and that several times they asked him for liquor, and he told them that he didn't have any. He did not deny having the possession of the liquor seized or of the beer or his intention to sell it.

The complaint and affidavit for a search warrant was sworn to before a justice of the peace July 1, 1925, by Martin Terraccino, and in the complaint it is stated that he "has just and reasonable grounds to believe and does believe that intoxicating liquor is now unlawfully possessed, kept for sale, sold and disposed of in violation of the Illinois Prohibition act," and that certain mash, still and other property designed for the illegal manufacture of liquor is possessed in and within a certain store building and premises commonly known and described as 427 South Main street, in the city of Rockford, and occupied by Matteo Zalapi as a confectionery store, in the county and State of Illinois, and that his reasons for his belief are that said affiant personally purchased intoxicating liquor in and upon the said described store building and premises from Matteo

Zalapi on June 30, 1925. The affidavit contained a prayer for a search warrant to issue according to law to the proper officer, Harry Baldwin, deputy sheriff of said county, commanding him forthwith to enter and search the store building and search for said things and articles that he described as being therein according to his belief, etc.

The search warrant issued to said deputy sheriff recites the substance of the complaint set forth in the complaint for search warrant and the facts upon which the complainant based his charge against the defendant. The warrant then commands the said officer, in the name of the People, to take with him necessary and proper assistance and in the daytime to enter said place of business and make diligent and careful search for intoxicating liquor and any mash, still and other property therein described, and to seize and bring all such property there found, and all vessels containing the same, and all implements, furniture or vehicles kept or used for the purpose of violating the said law, and all persons, if any there be, in whose possession the things aforesaid may be found, forthwith and before the justice issuing the warrant and at his office. The return of the warrant and the record show that the said officer made the search and seized and took from said premises and from the possession of Zalapi, the defendant, the fruit jar aforesaid partly full of moonshine whiskey, and the two cases of beer aforesaid, and nothing more, and that he also seized and took Matteo Zalapi, in whose possession the said things seized were found, and brought them before the justice of the peace, as in the warrant commanded.

It is contended by the defendant that the complaint before the justice of the peace did not authorize the issuance of the search warrant because it did not show on its face that a crime had been committed. An examination of the complaint clearly shows that this contention is not well founded. The complaint plainly and clearly states not only one, but more than one, offense was committed by the de-

·fendant, and it is further stated in the complaint that the affiant bases his charge and his belief that an offense has been committed by stating facts which were in themselves a clear violation of the Prohibition act, the fact that he personally purchased intoxicating liquor in said premises from Matteo Zalapi on June 30, 1925, which is equivalent to the further statement that Zalapi sold him such intoxicating liquor. The statement in the complaint that a crime has been committed by the defendant, or the charging part thereof, might be technically objectionable in an indictment on a motion to quash, but in this complaint no such technicality is applicable. The complaint may charge one or more crimes, and it is perfectly legitimate to charge that such crimes have been committed on information and belief when the facts stated on which the information and belief are based, together with the other part of the complaint, clearly and conclusively show that a crime has been committed, if such facts are true. This affidavit meets every test required by section 6 of the bill of rights or second article of our constitution, which requires that no search warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched and the persons or things to be seized. The persons need not be more definitely described to be seized than as the persons in the possession of the property unlawfully possessed, and the property in this case need not be more definitely described than as intoxicating liquors, and the implements or vessels to be seized with the intoxicating liquors need not be more definitely described than as the vessels or implements containing the intoxicating liquor or with which it is made, etc. Intoxicating liquors include too many varieties of liquors under that general title for ordinary individuals to even call by name if they were called on to do so after a personal examination of the liquor. No such technicality is required in an indictment, and it is certainly not in the complaint for a search warrant. The articles possessed in this case,—in-

toxicating liquors,—are no longer recognized as property in this country when illegally possessed. The eighteenth amendment of the Federal constitution prohibits the manufacture, sale, transportation or importation of intoxicating liquor as a beverage, and our Prohibition statute is an appropriate and legal act passed for the enforcement of the eighteenth amendment, as permitted under that amendment. Property may be destroyed, and should be destroyed, by legal process when of the character shown to be possessed and sold as in this case. The object and aims of the statute for the destruction of such liquors are legitimate, and the object in seizing such articles, and the vessels containing them and the things by which they are made, is to have them brought before the court as evidence and for the purpose of destruction, if they are of the character aforesaid; and the object of having the persons seized in whose possession the articles are found is legitimate and for the purpose of serving notice on them to defend their rights in the property if they see fit so to do and to answer unto the charge against them that they have been offending against the law as in the information charged. (*Glennon* v. *Britton,* 155 Ill. 232; *White* v. *Wagar,* 185 id. 195.) A defendant charged with violating the Prohibition law is entitled to every right guaranteed to him under the statute and the constitution in his trial, but he is not entitled to any more than those statutory and constitutional rights. Every judge and every State's attorney are required to take a constitutional oath to support and maintain the constitution of his State and his country, and their oath binds them and requires them not only to respect the constitutional rights of the defendant, but also to enforce the public laws and constitutions of the country, and the eighteenth amendment is as binding a provision or article of the constitutions as any article in them, and the question of whether or not we like it or don't like it, or whether other people like it or don't

like it, are not questions to be considered in courts in the trial of cases or the review of cases.

The defendant contends that sections 29 and 30 of the Illinois Prohibition act authorize the issuance of a search warrant under an affidavit that does not particularly describe the things to be seized, and are therefore void. We think this is a misapprehension as to the provisions of those sections. Section 29 itself specifically provides that the things to be seized are to be described. The language of the statute is that the complaint shall state "that complainant has just and reasonable grounds to believe and does believe that intoxicating liquor is manufactured, possessed, kept for sale, used, disposed of, or transported in violation of any law of this State, or any mash, still or other property designed for the illegal manufacture of liquor is possessed in any house, building, premises, boat, vehicle, receptacle or any other place whatsoever (particularly describing and designating the same) with the facts upon which such belief is based," etc. The words in the parentheses have reference to both the articles to be seized and to the premises in which they are situated. There is a form for the complaint, and also a form for the writ, given in connection with sections 29 and 30, and these forms specifically disclose that that is what is meant by the words in parentheses, and if the complaint and the warrant follow the forms given in the statute they will both specifically describe the things to be seized and the premises in which they are situated. It is a sufficient answer to the defendant's contention in this case that the complaint and warrant issued herein are issued in strict conformity to the requirements of sections 29 and 30, and which we have just shown conformed to every known requirement of the constitution concerning the search and seizure. It is true that the form for the warrant under section 30 requires the officer to seize and return the things that are described in the complaint, and then concludes with these words: "and all property

implements, furniture and vehicles kept or used for the purpose of violating or with which to violate, any law of this State, there found." These last quoted words cover too much ground, and no officer would be justified under such a warrant to seize any articles used in violation of law that have no connection with the Prohibition law, such as gambling devices, etc., that are not described in the complaint or that have no connection with the crime charged in the complaint. They may be regarded as surplusage so far as this case is concerned or any other case under the Prohibition act, and if those provisions were held invalid it would in no way invalidate the other portions of sections 29 and 30 that are valid. *Joel* v. *Bennett,* 276 Ill. 537.

The contention that the search in question was unreasonable because it was a search for evidence cannot be sustained. The case of *Lippman* v. *People,* 175 Ill. 101, is not applicable to this case. In that case the whole act under consideration was declared void because it authorized a search warrant for the enforcement of a civil right and to aid a certain class of persons in collecting their property. This is a criminal case, and search warrants are authorized, when properly issued, for the very purpose of discovering and using evidence to prove a crime or violation of a public law, and in which cases the guilt of the party violating the law is not otherwise susceptible of proof or easily otherwise proven. The defendant's rights were in no way violated by the issuance and service of the search warrant, as contended.

The court also properly refused to impound the liquor and other articles seized and exclude them as evidence. They were properly received in evidence, and the defendant was proven guilty by the evidence beyond all reasonable doubt, and no other verdict could have been reasonably expected.

Some of the instructions given on behalf of the People in this case are objectionable, as pointed out by plaintiff in error, but the proof in this case is so conclusive of the guilt

of the defendant that the errors in the instructions complained of should not be regarded as prejudicial or reversible error. It is not essential to a conviction in such a case that the record be free from all error. *People* v. *O'Brien*, 277 Ill. 305.

The judgment of the court is affirmed.

*Judgment affirmed.*