THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT PROVENZANO, Plaintiff in Error.

*Opinion filed December 23, 1926.*

1. PROHIBITION—*what does not render information repugnant.* A charge in a count of an information that the defendant had in his possession intoxicating liquor unlawfully and "except as authorized in and by the Illinois Prohibition act" is not repugnant as being on its face a charge under a statute authorizing possession of liquor, as the quoted words may be rejected as surplusage. (*People* v. *Zalapi,* 321 Ill. 484, followed.)

2. SAME—*when affidavit for search warrant is sufficient.* An affidavit for a search warrant describing the premises to be searched as a "dwelling house and basement and all outbuildings and entire premises located at and commonly known as 1316 South Church street," and occupied by the defendant, is sufficient where the facts upon which the affiant bases his belief as to violations of law are sufficiently stated. (*People* v. *Zalapi,* 321 Ill. 484, followed.)

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of Winnebago county; the Hon. LEON A. ZICK, Judge, presiding.

FISHER, NORTH, LINSCOTT & GIBBONEY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, and ROY D. JOHNSON, (ALFRED B. LOUISON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Upon an information of the State's attorney filed in the county court of Winnebago county, plaintiff in error, Albert Provenzano, was sentenced by that court for violating the Prohibition act. Upon review on writ of error the judgment of the county court was affirmed by the Appellate

Court for the Second District, and the record is now before this court for review upon writ of error.

By the first count of the information it is charged that the defendant "intoxicating liquor containing more than one-half of one per cent of alcohol by volume and fit for use for beverage purposes did then and there unlawfully and except as authorized in and by the Illinois Prohibition act have and possess with intent to sell the same without having a permit from the Attorney General of the State of Illinois so to do," etc. The second count contained the same language as the first, except that it charged the manufacture of intoxicating liquor instead of the possession thereof. In the third count the possession of a still designed for the illegal manufacture of intoxicating liquor without first having secured a permit from the Attorney General therefor was charged.

The point made against the first two counts of the information is, that the phrase, "except as authorized by the Illinois Prohibition act," refers to that which is lawful and makes it appear from the information itself that the possession of liquor, and the sale of the same, were authorized by the Prohibition act and hence not unlawful, and that the language of such counts is so contradictory as to be repugnant. This language is the same as that used in the information in *People* v. *Zalapi*, 321 Ill. 484, where it was held that while what was intended by the pleader by the use of the words "except as authorized by the Illinois Prohibition act" was not at all clear, the words were only a mere conclusion, which might be regarded as surplusage, and that they did not make the counts have a contradictory meaning. The court did not err in overruling the motion to quash these counts. *People* v. *Zalapi, supra.*

As a permit from the Attorney General of the State of Illinois to own a still for the manufacture of liquor is a prerequisite to the owning, operating, maintaining or hav-

ing in possession such still under any circumstances authorized by the Prohibition act, the third count was sufficient and the court did not err in refusing to quash it.

Prior to the filing of the information, premises occupied by plaintiff in error as his home had been searched by deputy sheriffs by virtue of a search warrant issued by a justice of the peace upon the complaint and affidavit of Martin Terraccino and a fifty-gallon still was found in operation. In the basement there were also found eighteen barrels of mash, about twenty gallons of moonshine liquor and a barrel partly full of wine. Before the trial a motion was made to quash the search warrant and to impound any property taken by the officers executing the same and to not permit the same to be used as evidence against plaintiff in error. This motion was overruled, and this ruling of the court is assigned as error. The allegations in the search warrant in this case are the same as those in *People* v. *Zalapi, supra,* except that the premises in this case are described as a "dwelling house and basement and all out-buildings and entire premises located at and commonly known as 1316 South Church street, occupied by Albert Provenzano." While the search warrant in this case is inartificially drawn, the facts upon which the affiant based his belief as to the violations of law are the same as those stated in the affidavit for a search warrant in *People* v. *Zalapi, supra,* in which case the affidavit was held to state facts sufficient to authorize the issuance of the search warrant.

We find no reversible error in the record, and the judgments of the Appellate and county courts are affirmed.

*Judgment affirmed.*