COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS.
Robert McCue, claimant.

Suffolk, Nov. 27, 1876. — Jan. 3, 1877. ENDICOTT, DEVENS & LORD, JJ., absent.

A complaint under the St. of 1876, *c.* 162, averred that intoxicating liquors were kept in a certain building in Boston, "situate in Federal Street, and numbered two hundred and ninety-one and two hundred and ninety-three in said street in said Boston, in the basement and first story of said building." The warrant issued on this complaint recited the averment of the complaint, and directed the officer " to enter the basement and first story of said building herein above described," and make search thereof. *Held,* that the complaint and warrant sufficiently described the place to be searched so as to identify it.

On the trial of a complaint under the St. of 1876, *c.* 162, which alleged that intoxicating liquors were kept in a certain building and intended for unlawful sale, witnesses for the government were asked, "Do you know who kept the place?" and "Do you know who was in charge of the premises?" The presiding judge cautioned the witnesses to state only what they knew of their own knowledge, and what they had seen the claimant do about the place. *Held,* that the claimant had no ground of exception.

On the trial of a complaint under the St. of 1876, *c.* 162, which alleged that intoxicating liquors were kept in a certain building and intended for unlawful sale, evidence that there was a sign over the door with the claimant's name upon it, is admissible.

A warrant issued on complaint under the St. of 1876, *c.* 162, recited the averment of the complaint, and directed the officer "to enter the basement and first story of said building herein above described," and make search thereof. At the trial the evidence was that the room which was searched, and in which the seizure was made, was the first floor of the building off the sidewalk, and that there was a shop on this floor, with no room under it, occupied by the claimant, who lived with his family in the rooms above. The presiding judge refused to rule, as requested, that upon this evidence the officer had no right under the warrant to search the room which he did search, or any room in the premises. *Held,* that the request was rightly refused, and that the fact that the rooms above were occupied by the claimant and his family was immaterial.

A complaint and a warrant under the St. of 1876, *c.* 162, described the premises to be searched as a building "numbered two hundred and ninety-one and two hun-

dred and ninety-three in Federal Street." The claimant contended that there was evidence that it was numbered two hundred and ninety-one. The presiding judge ruled that a misdescription of the premises as to the number would not be necessarily fatal if the premises were as well known by one number as the other, and there were other matters of description which corresponded with the actual facts, which sufficiently identified the premises. *Held,* that the claimant had no ground of exception.

The claimant in a proceeding under the St. of 1876, *c.* 162, is a defendant in a criminal prosecution within the meaning of the St. of 1864, *c.* 121, § 1, and must prove his license, authority or appointment.

COMPLAINT on the St. of 1876, *c.* 162, to the Municipal Court of the city of Boston, alleging reason to believe and belief that certain intoxicating liquors are kept and deposited in a certain building in Boston, " situate in Federal Street, and numbered two hundred and ninety-one and two hundred and ninety-three in said street, in said Boston, in the basement and first story of said building," occupied by the claimant as a place of common resort, with intent to sell the same in violation of law. The warrant issued on this complaint recited the averment of the complaint, and directed the officer " to enter the basement and first story of said building herein above described," and make search, &c.

Robert McCue appeared as claimant, and in the Superior Court, before the case was submitted to the jury, moved " to dismiss the proceedings and all papers therein, because he says they are informal, illegal and insufficient." *Putnam,* J., overruled the motion. The case was then tried, and a bill of exceptions, in substance as follows, allowed:

To prove that the claimant kept the place referred to, the district attorney put this question to one of the officers who made the seizure, and who testified for the government: " Do you know who kept the place?" The claimant objected to the question, but the judge allowed it to be put. The judge cautioned the witness, in answering it, to state only what he knew of his own knowledge, and what he had seen the claimant do about the place. The district attorney also asked the witness, " Was there any sign over the door, and, if so, what name was on it?" This question was objected to by the claimant, but admitted, and the witness answered, " There was a sign, with the name on it of Robert McCue." Of another witness the dis-

trict attorney asked this question : " Previously to July 28th, (the day of the seizure,) do you know who was in charge of the premises ? " This was objected to by the claimant, but admitted, the judge giving the same caution to this witness as to the other, and the witness answered that the claimant had charge of it; that he had seen him there most every day for the last three or four years, and every other night, — except when he (the witness) was away on his vacations, which in this case began two or three days before the seizure, and lasted two or three days after, — behind the bar in his shirt-sleeves, giving out liquor to people, and taking down the shutters in the morning.

The witness testified that the room which was searched, and in which the seizure was made, was the first floor of the building as you go in off the sidewalk, a step or two up from the walk; that there was a shop on this floor, with no room under it, and that it was occupied by the claimant, who lived with his family in the rooms above. The claimant asked the judge to rule that, upon this evidence, the officer had no right, under the warrant, to search the room which he did search, or any room in the premises. The judge declined so to rule.

There was evidence that the building was known and numbered as No. 291 Federal Street, and the district attorney contended that the witness had testified that it was numbered 291 and 293. This latter claim was denied by the claimant. The minutes of the judge accorded with the recollection of the claimant, but the judge left it for the jury to determine whether the witness had so testified or not. The claimant asked the judge to instruct the jury that the government was limited to the description in the complaint and warrant. The judge did so rule, but added that a misdescription of the premises, as to the number, would not be necessarily fatal, if the premises were as well known by No. 291 Federal Street, and there were other matters of description which corresponded with the actual facts, which sufficiently identified the tenement. The judge also ruled that it was for the claimant to produce his license, if he had one.

The jury, on an issue framed by the judge, found that all the liquors seized were kept by the claimant on the day of the complaint, and in the place where they were seized, for illegal sale. The claimant alleged exceptions.

*G. W. Searle*, for the claimant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

MORTON, J.   1. The motion to quash was rightly overruled. The complaint and warrant sufficiently describe the place to be searched so as to identify it.

2. The questions put to witnesses, "Do you know who kept the place?" and "Do you know who was in charge of the premises?" were accompanied by a direction of the court to the witnesses to state only what they knew of their own knowledge, and what they had seen the claimant do about the place. Thus limited, they were not open to exception.

3. The evidence that there was a sign over the door with the claimant's name upon it was clearly competent.

4. The court rightly refused to rule that, under the warrant, the officer had no right to search the room which he did search, or any room in the premises. The evidence showed that he searched the shop of the claimant described in the warrant. The fact that the rooms above were occupied by the claimant and his family was immaterial. *Commonwealth* v. *Intoxicating Liquors*, 108 Mass. 19.

5. The place to be searched is described in the complaint and warrant as a building, to wit, a shop numbered two hundred and ninety-one and two hundred and ninety-three in Federal Street. The claimant contended that there was evidence that it was numbered two hundred and ninety-one. The court correctly ruled that a misdescription of the premises as to the number would not necessarily be fatal, if the premises were as well known by one number as the other, and there were other matters of description which corresponded with the actual facts, and which sufficiently identified the premises.

6. The St. of 1864, *c.* 121, applies to a claimant in a proceeding for the forfeiture of liquors, like the case at bar; and the ruling that it was for the claimant to produce his license, if he had one, was correct. *Commonwealth* v. *Intoxicating Liquors ante*, 8.                    *Exceptions overruled.*