STATE OF MAINE

vs.

STEPHEN COMOLLI.

Hancock.    Opinion December 27, 1905.

*Intoxicating Liquors.   Search Warrant.   Description of Premises.
Dwelling House.    R. S., c. 29, § 52.*

A search and seizure warrant issued by a trial Justice for the search of a
dwelling house for intoxicating liquors contained among other allegations,
the following in relation to the place to be searched: "That intoxicating
liquors were and still are kept and deposited by Stephen Comolli of Ston-
ington in the story and one-half wooden, frame dwelling house now occu-
pied by said Stephen Comolli and situated near the turn of the road lead-
ing from Stonington Village to West Stonington in said town of Stoning-
ton." *Held:* That this description of the place to be searched is suffi-
ciently definite and certain.

A complaint and warrant must be construed together and if the descriptive
words are perfectly clear and designate the place to be searched, that is all
the constitution and the law require. The rules of construction are not to
be invoked to make that clear which is obvious without it.

On exceptions by defendant.    Overruled.

Search and seizure warrant issued by a trial justice in Hancock
County for the search of a dwelling house for intoxicating liquors.
Liquors were found, and the defendant was arrested and brought
before the Hancock Municipal Court at Deer Isle for trial.    The
defendant was found guilty and appealed to the Supreme Judicial
Court.    A general demurrer was filed to the complaint and warrant
which was overruled and the defendant took exceptions.

The case appears in the opinion.

*Charles H. Wood,* for the state.

*L. M. Staples,* for defendant.

SITTING: EMERY, STROUT, SAVAGE, POWERS, PEABODY, SPEAR,
JJ.

SPEAR, J.    This case comes up on exceptions and involves the
validity of a complaint and warrant issued by a trial justice for the

search of a dwelling house for intoxicating liquors.  A general demurrer was filed and overruled by the court to which exceptions were taken.  The main question raised by the exceptions is whether the description in the complaint and warrant of the premises to be searched was sufficiently definite and certain to comply with the requirements of the constitution and the law.  The complaint alleges "that intoxicating liquors were and still are kept and deposited by Stephen Comolli of Stonington, in a story and a half wooden frame dwelling house now occupied by said Stephen Comolli and situate near the turn of the road leading from Stonington Village to West Stonington in said town of Stonington."

The warrant issued to the officers by the trial justice, in setting forth the complaint, designates the locus in the exact language of the above description, and then alleges that the complainant "prayed that due process be issued to search the premises hereinbefore mentioned."  As we understand the defendant's brief, the point which he here raises is that the word dwelling house should have been used instead of the word "premises" in the above prayer in describing the place to be searched.  If the term premises was not limited by the phrase "hereinbefore mentioned" the point might be well taken.  A complaint and warrant merely to search the premises of a person would not authorize the search of a dwelling house, but that is not the case at bar.  We fail to see how a description could be more definite as to the place intended to be searched than that contained in the complaint and warrant in this case.  It describes the place to be searched as a story and a half wooden frame dwelling house now occupied by said Stephen Comolli.  If other houses were situated near the one described also owned by Stephen Comolli, then the description would be perfectly definite and certain.  One body cannot occupy two places at the same time.  But one dwelling house, then, in this vicinity could be occupied by the respondent at the same time.  And it was not the appurtenances, not a part of it used as a shop or inn or for purposes of traffic, but the dwelling house *now occupied* by Comolli that is described in the complaint and warrant.  The description eliminates every other house except the one designated by the words "now occupied."

The complaint and warrant must be construed together and if the descriptive words are perfectly clear and designate the place to be searched, that is all the constitution and the law require.  *State* v. *Bartlett*, 47 Maine, 388.  The rules of construction are not to be invoked to make that clear which is obvious without it.

The defendant's counsel intimates also that the warrant fails to comply with R. S., chapter 29, section 52, which provides that "no warrant shall be issued to search a dwelling house occupied as such unless it or some part of it is used as an inn or shop for purpose of traffic, or unless the magistrate before whom the complaint is made, is satisfied by evidence presented to him, and so alleges in said warrant, that intoxicating liquor is kept in such house or its appurtenances, intended for sale in the state, in violation of law."  He claims that a warrant to search a dwelling house must state that it is not used for a shop, etc.

It will be observed that this statute contemplates two contingencies upon which the magistrate may issue his warrant; first, that some part of the house is used as an inn or shop, or for purposes of traffic; second, that he is satisfied by evidence presented to him and so alleges in the warrant that intoxicating liquor is kept in such house or its appurtenances, intended for sale in this state in violation of law.  *State* v. *Whalen*, et al., 85 Maine, 469.  The first part of this section has no application because the warrant is for the search of the dwelling house only.  The second contingency is fully complied with by the allegation inserted in the warrant by the magistrate, "and whereas I am satisfied by evidence presented to me that intoxicating liquor is kept in the premises described in the foregoing complaint intended for sale in this state in violation of law," etc.  The premises alluded to as already seen was a dwelling house definitely located and clearly described.  The complaint and warrant are in full accord with the requirements of the constitution and the statutes.

*Exceptions overruled.*