(No. 15322.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM E. SHIELDS, Plaintiff in Error.

*Opinion filed June 20, 1923—Rehearing denied October 4, 1923.*

1. CRIMINAL LAW—*when affidavit is sufficient for issuing search warrant under Prohibition act.* An affidavit for the issuing of a search warrant under section 29 of the Prohibition act is sufficient where it states that the affiant has reason to believe, and does believe, that intoxicating liquor is unlawfully possessed and sold on the premises to be searched, and states as the reason for such belief that the affiant has, at the place described, purchased intoxicating liquor by the drink and by the bottle.

2. SAME—*affidavit for issuing search warrant must state facts showing probable cause.* An affidavit or complaint for the issuing of a warrant to search premises for the discovery of concealed property must state facts upon which the affiant bases his belief that the premises should be searched, and the judge or justice of the peace before whom the complaint is made must be satisfied that there is probable cause for issuing the writ.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

CHARLES A. KARCH, and MILES K. YOUNG, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, LESTER H. MARTIN, State's Attorney, GEORGE C. DIXON, and JOSEPH W. DEPEW, for the People.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error (hereafter called defendant) was indicted at the November, 1922, term of the McLean county circuit court for a violation of the Illinois Prohibition act. The indictment contained two counts. The first count charged defendant with unlawfully having in his possession intoxicating liquor containing more than one-half of

one per cent of alcohol by volume. The second count charged him with unlawfully selling intoxicating liquor containing more than one-half of one per cent of alcohol by volume. Both counts alleged he was convicted at the February term, 1922, of the McLean county circuit court under an indictment charging him with the crime of possessing and selling whisky in violation of the Illinois Prohibition law, to which indictment he pleaded guilty and was sentenced to pay a fine of $300 and costs and stand committed until the fine was paid. He pleaded not guilty to this indictment, and the cause was tried by a jury, resulting in a verdict finding him guilty as charged in the first count of the indictment and his age to be forty-five years. The court overruled motions for new trial and in arrest of judgment and sentenced defendant to an indeterminate term in the penitentiary and to pay a fine of $1000.

Defendant and Mary Webster, his housekeeper, resided in premises known as No. 511 South Wright street, in the city of Bloomington. A part of the time they lived there they conducted in the premises a restaurant and rooming house, but claim they had ceased to use the premises for those purposes before defendant was arrested, June 7. On that day Mrs. Stella Hill filed a complaint before a justice of the peace stating she had reasonable grounds to believe, and did believe, intoxicating liquor was unlawfully kept and sold by defendant in a dwelling house known as No. 511 South Wright street, in Bloomington, "and that the following are the reasons for her belief, to-wit, she has purchased intoxicating liquor there by the drink and by the bottle." The complaint was sworn to by Mrs. Hill, and thereupon the justice of the peace issued a warrant to sheriffs, constables and coroners in and for McLean county, directing them to enter said premises in the daytime and search for intoxicating liquor therein, and to seize all intoxicating liquor there found and all vessels containing the same and any persons in whose possession liquor was found

and forthwith bring them to the office of the justice of the peace, or in his absence before any other judge or justice of the peace having cognizance of the case. The warrant was executed by police officers of the city of Bloomington. Defendant and his housekeeper were in the building when the officers searched it, and there was no violence except the drawing of a gun on one of the officers by the defendant. The only other person they found in the house was a woman, who the officers testified was "paralyzed drunk." They testified she had been vomiting and that the odor of liquor was plain. The officers in their search moved a box they found in a bed-room and discovered a cut in the carpet on the floor under the box. Further investigation disclosed the box had been placed over a trap-door in the floor, which, when opened, disclosed in a hole under the trap-door three glass jugs or bottles of liquor. The officers took possession of them, and they were labeled exhibits A, B and C. A and B were whisky, A containing 40.4 per cent of alcohol by volume and B 36.02 per cent alcohol by volume. C contained 8.8 per cent alcohol. Defendant admitted A and B were his, but claimed C was a wine or some kind of concoction belonging to his mother, which she made out of pokeberries, for rheumatism.

Before the trial was entered upon, defendant filed a petition to quash the search warrant and for a return of the property seized under it. The court denied the prayer of the petition, and this is the material ground urged as a reason for reversal of the judgment. It is claimed the issuing of the search warrant was unauthorized and the proceeding under it in taking property was unlawful, and that the property should not have been admitted in evidence on the · trial of the case.

The Illinois Prohibition act (Laws of 1921, p. 682,) provides in section 29 that when complaint is made in writing, verified by affidavit, that complainant has just and reasonable grounds to believe, and does believe, that intoxicat-

ing liquor is manufactured, possessed or kept for sale in any house or building, with the facts upon which such belief is based, the judge may issue a search warrant as thereinafter provided. No warrant shall issue to search a private dwelling occupied as such unless such residence is a place of public resort or intoxicating liquor is sold or kept for sale or possessed therein in violation of law. Liquor seized under such a warrant is not the subject of replevin. Section 30 provides that if the judge before whom complaint is made is satisfied there is reasonable cause he shall issue a warrant directed to any peace officer, commanding him to forthwith search the premises or building, seize any liquor found, with the vessels containing it, and bring the persons in whose possession the liquor was found before the judge who issued the warrant. Section 29 gives the form of complaint, and section 30 the form of warrant to be issued.

Counsel for defendant do not challenge the constitutionality of the above sections of the Prohibition act, but they assert in issuing the search warrant the constitutional rights of defendant to be secure in his person and house against unreasonable searches and seizures was violated. The constitutional provision is: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized." (Art. 2, sec. 6.) The statute enacted pursuant to that provision requires, before a search warrant shall issue, that an affidavit be filed by the complainant that he has just and reasonable grounds to believe, and does believe, intoxicating liquor is unlawfully possessed or kept for sale in the premises described, and the facts on which such belief is based.

The defendant very earnestly argues that the complaint made by Mrs. Hill, upon which the search warrant was is-

309–10

sued, was insufficient to justify its issue, and issuing and executing the warrant were in violation of defendant's constitutional rights. It is urged the complaint contained no statement of the date of unlawful possession, and contained no statement of when or from whom complainant purchased liquor. The constitutional requirement is that no warrant shall issue without probable cause, and the affidavit shall describe the place to be searched and the persons or things to be seized. We are unable to see in what respect the complaint made in this case was defective. It was under oath, stated affiant had reason to believe, and did believe, intoxicating liquor was unlawfully possessed and sold in the building described, occupied by defendant as a dwelling, and that the reasons for her belief were that she had purchased intoxicating liquor at the place described, by drink and by the bottle. The warrant was not issued for search of the person of defendant but of the premises occupied by him. The warrant commanded the officers to search the premises for intoxicating liquor kept or used for the purpose of violating the law, and if any such were found, the liquor and the person in whose possession it was found were to be taken before the magistrate. The sworn complaint stated affiant had reason to believe, and did believe, intoxicating liquor "is now possessed, sold and kept" at the premises described, and the reason stated for affiant's belief that intoxicating liquor is "now" unlawfully possessed and sold there, was that she herself had bought the liquor by the drink and by the bottle.

What the court held in *Lippman* v. *People,* 175 Ill. 101, cited by defendant, is, that the complaint must show probable cause arising from the facts within the knowledge of the affiant. The facts on which affiant bases his belief must be stated in the complaint, and the judge or justice of the peace before whom the complaint is made must be satisfied that there is probable cause for issuing the writ. When the complaint, under oath, of Mrs. Hill was filed before the

magistrate he determined it showed probable cause for issuing the warrant, and we think his determination was clearly warranted by the facts stated in the complaint. If that is true, then the trial court did not err in denying defendant's petition to quash the warrant and return to him the property seized.

Defendant refers to several Federal cases and to *People* v. *Brocamp,* 307 Ill. 448, none of which sustain his contention that his constitutional rights were disregarded in this case.

We hold the issuing of the search warrant was authorized and lawful, and that being so, there is no reason shown why the judgment should be reversed, and it is accordingly affirmed.

*Judgment affirmed.*

---

(No. 14733.—Reversed and remanded.)
ROSE MARABIA, Plaintiff in Error, *vs.* THE MARY THOMPSON HOSPITAL OF CHICAGO FOR WOMEN AND CHILDREN, Defendant in Error.

*Opinion filed June 20, 1923—Rehearing denied October 3, 1923.*