## The People of the State of Illinois, Defendant in Error, v. Peter McCoy, Plaintiff in Error.

1. CRIMINAL PROCEDURE—*necessity for plea.* A plea is essential to constitute an issue to be tried in a criminal case, whether the offense charged is a misdemeanor or a felony.

2. CRIMINAL PROCEDURE—*motion in arrest as raising question as to want of plea.* The question of the want of a plea by defendant in a criminal case is properly raised by a general motion in arrest of judgment.

3. CRIMINAL PROCEDURE—*sufficiency of record to show arraignment and plea before impaneling of jury.* Amended record of the trial of a prosecution for crime, showing that defendant was furnished with a copy of the information, that the People announced that they were ready, that the court asked counsel for defendant if he was ready and if the court should fix the record, and that said counsel announced that he was ready, held not to show that there was an arraignment and plea before the jury was impaneled and that the court had merely failed to enter a plea of not guilty on the record.

Error by defendant to the County Court of Jackson county; the Hon. FRED B. HERBERT, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed February 17, 1926.

L. R. STEWART, for plaintiff in error.

JOHN H. SEARING, State's Attorney and FLETCHER LEWIS, for defendant in error.

MR. JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error entered a motion in arrest of judgment, one of the grounds of which was that the court erred in proceeding with the trial of the case without an arraignment or plea. The motion was denied and and error is assigned on the ruling of the court in that regard. A plea is essential to constitute an issue to be tried in a criminal case whether the offense charged is a misdemeanor or a felony, as the matter of a plea is not a mere formality, and the question of the want of

a plea is properly raised by a general motion in arrest of judgment. *People v. Kennedy,* 303 Ill. 423.

This case was tried and judgment rendered on February 19, 1925. Five days later the court, on motion of the State's Attorney, amended the record so as to show that on February 19, 1925, plaintiff in error was furnished with a copy of the information; that the People announced that they were ready; that the court asked counsel for plaintiff in error if he was ready and if the court should fix the record, and that said counsel announced he was ready. The record, as amended, fails to show that there was, as a matter of fact, an arraignment and plea before the jury was impaneled, and that the court had merely failed to enter a plea of not guilty on the record.

In *Parkinson v. People,* 135 Ill. 401, the defendant was present in court and his counsel participated in the selection of a jury which was impaneled and sworn and a witness was sworn and partly examined, when it was discovered that there was no arraignment or plea. The court then arraigned the defendant, who pleaded not guilty, and the trial proceeded without the jury being resworn. There was a verdict of guilty and a motion in arrest of judgment which was overruled. It was held that the court erred in overruling the motion.

There is no material difference between the situation in that case and the one at bar. Parkinson evidently led the court to believe that he was ready by participating in the trial until it was discovered that there was no arraignment or plea. In the case at bar the plaintiff in error did nothing more than did Parkinson. The judgment must be reversed and the cause remanded for want of a plea. For that reason it is unnecessary to consider the other errors assigned.

*Reversed and remanded.*