THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CORNELIUS DAUGHERTY, Plaintiff in Error.

*Opinion filed December 23, 1926—Rehearing denied Feb. 3, 1927.*

1. CRIMINAL LAW—*existence of probable cause for search warrant must be determined by magistrate.* There is no satisfactory definition of what constitutes probable cause for the issuing of a search warrant, and the question whether probable cause exists is a judicial question, to be determined by the magistrate before whom complaint is made.

2. PROHIBITION—*what constitutes probable cause for a search warrant to seize liquor.* Probable cause for issuing a search warrant to seize contraband liquor does not exist unless the magistrate is convinced, by competent and material evidence, that there is reasonable ground for suspecting that the liquor is possessed for prohibited purposes, and in determining the question in a particular case the magistrate may consider the fact that the liquor was kept in a jug and keg in a barn back of a restaurant and pool-hall.

3. SAME—*complaint for a search warrant to seize contraband liquor need not state ownership of liquor.* A complaint for the issuing of a search warrant to seize contraband liquor should describe the place to be searched and the things to be seized, together with such facts as would raise a well-grounded belief that the liquor is contraband, but it is not necessary to charge that the liquor is owned or in the possession of any particular person or that any particular person is using it for unlawful purposes.

WRIT OF ERROR to the County Court of Hancock county; the Hon. WARREN H. ORR, Judge, presiding.

HARTZELL, CAVANAGH & MARTIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, HOMER H. WILLIAMS, State's Attorney, and ROY D. JOHNSON, (O'HARRA, O'HARRA & O'HARRA, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to reverse the judgment of the county court of Hancock county finding plaintiff in error guilty of illegally possessing intoxicating liquor, the errors relied upon for reversal being that the information is insufficient and that evidence procured by a search made under a void warrant was improperly received on the trial.

The information filed in this case contains some unnecessary averments and thereby placed an undue burden on the prosecution, but the surplusage in the information did not in any way prejudice plaintiff in error. The charge is stated substantially in the language of the statute and under the decisions of this court is sufficient. *People* v. *Tate,* 316 Ill. 52; *People* v. *Alfano,* 322 id. 384; *People* v. *Talbot,* 322 id. 416.

The complaint upon which the search warrant was issued charges that complainant believes "intoxicating liquor is now unlawfully kept for sale, possessed, used and disposed of, to-wit, at and within a certain frame barn located on the rear of lot eleven (11), in block fourteen (14), in Bartlett & Gordon's addition to the town, now city, of Hamilton, in the county of Hancock and State of Illinois, which said barn is owned by Cornelius Daugherty and is back of a restaurant operated by Paul Garard and a pool-hall owned by John A. Kraus, in the county and State aforesaid, and that the following are the reasons for his belief, to-wit: that he has been inside said barn and saw a jug of wine and a keg of wine and tasted the wine in the keg, which said wine was intoxicating, the same containing more than one-half of one per cent of alcohol by volume." It is contended

324—11

that the facts stated in this complaint do not show probable cause for the issuance of a search warrant.

Whether there is probable cause for issuing a search warrant is a judicial question, to be determined by the magistrate before whom complaint is made. A definition of probable cause sufficiently exact to meet satisfactorily every possible test would be difficult, if not impossible, to furnish. The complete legal idea expressed by that term is not to be gathered from a mere definition. Where the question is whether probable cause exists for the issuance of a warrant for the arrest of a person, the term has been defined by this court as "a belief held in good faith by the prosecutor in the guilt of the accused, based upon circumstances sufficiently strong to induce the belief in the mind of a reasonably cautious person that the defendant in the prosecution was guilty of the particular offense charged," (*Glenn* v. *Lawrence,* 280 Ill. 581,) and as "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged." (*Ross & Co.* v. *Innis,* 35 Ill. 487.) Probable cause for issuing a search warrant to seize contraband liquor does not exist unless the magistrate is convinced, by competent and material evidence, that there is reasonable ground for suspecting that the liquor is possessed for prohibited purposes. *People* v. *Elias,* 316 Ill. 376.

It is argued that the complaint in this case was not sufficient to authorize the magistrate to issue a search warrant, for the reason that there is no allegation charging any person with a crime or that any person is the owner of the wine or has possession of it. None of these allegations are necessary. The complaint was not filed as the basis of a criminal prosecution. The ultimate object of the proceeding is the condemnation of intoxicating liquor kept for unlawful use, and the complaint is more of the nature of a libel than of a complaint which is the foundation of a

personal action. To justify the magistrate in issuing this search warrant it was necessary to describe the place to be searched and the things to be seized, namely, the wine and the receptacles containing it, and to state, under oath, facts which would raise in the mind of the magistrate a well-grounded belief that the wine was contraband, but it was not necessary to charge that the wine was owned or in the possession of any particular person or that any particular person was using the wine for unlawful purposes.

The difficult question in this case is whether the complaint stated sufficient facts to warrant the magistrate in holding that there was probable cause for believing that the liquor was possessed for prohibited purposes. The evidence before the magistrate showed that this wine was kept in a jug and in a keg in a barn owned by plaintiff in error, which barn was on a lot back of a restaurant and a pool-hall. All these were competent facts to be considered by the magistrate in determining whether there was reasonable ground to believe that the intoxicating liquor was kept on the premises of plaintiff in error for an illegal purpose. We are of the opinion that the circumstances of the possession were sufficiently strong to induce the belief in the mind of a reasonably cautious person that these liquors were being held for an unlawful purpose. It is not reasonable to assume that a person would keep liquors for sacramental purposes, for medicinal purposes, or for any other purpose authorized by law, in a barn back of a public restaurant and a pool-hall. While the facts stated in the complaint appear to be the minimum that could be sustained under the law, we hold that they are sufficient to show probable cause for issuing the search warrant and that the search made under it was therefore legal.

The judgment of the county court of Hancock county is affirmed.

*Judgment affirmed.*