(No. 17765.—Affirmed in part and reversed in part.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ORA HOLTON, Plaintiff in Error.

*Opinion filed June 22, 1927—Rehearing denied October 6, 1927.*

1. PROHIBITION—*when a search warrant sufficiently describes place to be searched.* A search warrant sufficiently describes the place to be searched if the officer to whom the warrant is directed may locate the place with reasonable certainty, and a technically correct description of the place is not required.

2. SAME—*complaint and affidavit for search warrant need not charge commission of crime.* The complaint and affidavit for a search warrant are sufficient where the form used is that prescribed by the statute and where every material element of the offense charged, as defined by the statute, is stated in the complaint; and it is not necessary that the complaint and affidavit charge the commission of a crime.

3. SAME—*when a search warrant is not void for being remote in time.* While the constitution guarantees against unreasonable searches and seizures, it does not require the making of a complaint for a search warrant immediately following a purchase of liquor at a place proposed to be searched, and a lapse of ten days between the time of the alleged sale and the issuance of the warrant will not render the proceeding void, nor is it necessary that the complaint state the date on which the liquor was bought.

4. SAME—*complaint of only one sale of liquor may authorize search warrant.* A search warrant is not invalid because the complaint, and the affidavit supporting it, disclose only a single sale of a pint of liquor, as a person need not have knowledge of repeated sales or of sales of large quantities of liquor before he is qualified to make a complaint and affidavit upon which a search warrant may be issued.

5. SAME—*search warrant need not be offered in evidence.* To authorize the admission in evidence of articles seized pursuant to a search warrant it is not necessary that the prosecution offer the warrant in evidence where its existence is not questioned, as a search warrant is an instrument in aid of a proceeding and its sufficiency can be questioned whether it is offered in evidence or not.

6. SAME—*count should allege possession of liquor was without permit.* A count in an information or indictment charging the unlawful ownership or possession of intoxicating liquor under the Prohibition act should allege that such ownership or possession was without the proper or legal permit.

326—31

7. CRIMINAL LAW—*when, only, will conviction be reversed on evidence.* The weight of the evidence is for the jury to determine, and the Supreme Court will not disturb a verdict of guilty or reverse a judgment of conviction on the ground that the evidence is insufficient to convict unless the verdict is palpably contrary to the weight of the evidence or the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt.

8. SAME—*when judgment of conviction will be affirmed in part.* Upon a review of a judgment which consists of distinct and independent matters so that an erroneous portion thereof can be segregated from the part that is correct, the Supreme Court will not reverse the entire judgment but will set aside only such portion as is erroneous and leave the remainder undisturbed; and where there is a conviction on two counts of an indictment or information and one of the counts is bad, the conviction and sentence on the good count, which is distinct and separable, will be affirmed.

WRIT OF ERROR to the County Court of McDonough county; the Hon. T. H. MILLER, Judge, presiding.

IRA J. O'HARRA, and O'HARRA, O'HARRA & O'HARRA, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM R. HARRIS, State's Attorney, and ROYCE A. KIDDER, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Ora Holton was indicted in the circuit court of McDonough county for violations of the Illinois Prohibition act. The indictment consisted of ten counts, upon the first four of which a *nolle prosequi* was entered. The remaining counts were thereafter certified to the county court, and upon a trial in that court the jury returned a verdict finding Holton guilty on the fifth and eighth counts. Motions for a new trial and in arrest of judgment were made and denied and judgment was rendered on the verdict. Holton prosecutes this writ of error for a review of the record.

The fifth count of the indictment charges that plaintiff in error on December 14, 1925, "did unlawfully and willfully sell intoxicating liquor without then and there having a permit from the Attorney General of the State of Illinois to sell the same, which said intoxicating liquor then and there contained more than one-half of one per cent of alcohol by volume and was then and there fit for use for beverage purposes." The eighth count charges that plaintiff in error on the same day "did unlawfully and willfully possess intoxicating liquor which then and there contained more than one-half of one per cent of alcohol by volume and was then and there fit for use for beverage purposes, the possession of which said intoxicating liquor was then and there prohibited and unlawful and in violation of section 28 of the Illinois Prohibition act, said intoxicating liquor being then and there possessed by the said Ora Holton with intent to use the same in violation of the Illinois Prohibition act."

It appears that All Miller, a baseball player by occupation, residing at Hot Springs, Arkansas, was employed by the county of McDonough to obtain evidence of illegal sales of liquor in that county; that Miller met plaintiff in error and they had conversations and a transaction involving the sale of intoxicating liquor, but that the dates of their meetings and whether plaintiff in error bought or sold the liquor were matters in dispute. The evidence on the part of the prosecution shows that Miller first saw plaintiff in error in the city of Bushnell, in McDonough county, early in December, 1925; that on the evening of the twelfth day of that month he called plaintiff in error at the latter's home by telephone and told him that he, Miller, was at the gymnasium and wanted "a pint," and that shortly afterwards, on the same evening, he received from plaintiff in error a bottle of liquor for which he paid him four dollars. The *nolle prosequi* was entered upon the counts of the indictment charging the sale of liquor on December 12, and fur-

ther reference to what occurred on that day is therefore unnecessary.

The prosecution's evidence further shows that Miller next met plaintiff in error at his home on December 14, at about six o'clock P. M.; that Miller told plaintiff in error he wanted another pint of liquor; that plaintiff in error. entered the house and returned with a bottle, for which Miller gave him four dollars; that on the same evening Miller went to Macomb by a railroad train, and after arriving there telephoned the sheriff, met him at his garage and gave him the bottle, and that he, Miller, had taken a drink from the bottle but otherwise its contents remained unchanged. The bottle, with its contents, was marked "Exhibit B" and was offered in evidence on the trial. The sheriff corroborated Miller's testimony concerning the receipt of the exhibit and testified that he put it in a locker at the jail, where it remained until it was delivered to a chemist to analyze. After making an analysis the chemist returned it to the sheriff. The chemical analysis showed the contents of the bottle to be 33.6 per cent grain alcohol. On December 26, 1925, the sheriff, accompanied by his deputy and two special deputies, and with a search warrant which had been issued by the county judge, went to the home of plaintiff in error, searched the house and found a gallon jug and two bottles of whiskey, five bottles of apricot brandy, and some extracts. The officers placed these receptacles in a locker at the jail, where they were kept until their contents were analyzed by the chemist. The analyses disclosed a higher content of alcohol than was contained in "Exhibit B."

Plaintiff in error testified that he met Miller early in December, 1925, when Miller asked him if he had any liquor, and that he answered in the negative; that he did not meet Miller either on the 12th or 14th of December; that on December 13 Miller came to the garage of plaintiff in error, where one Kipling was at work repairing the latter's

automobile, and asked whether they needed any liquor; that plaintiff in error answered he might use some if it was good; that Miller replied: "You always refuse to sell to me but I will sell to you; I will show you I ain't as afraid of you as you are of me;" that plaintiff in error rejoined he was not in the business but that if Miller had something fit to drink he would buy it; that Miller then said he would show plaintiff in error what he had; that Miller invited Kipling to enter the house, and they all went inside; that Miller had samples of apricot brandy and alcohol which he said were called "odds and ends" and belonged to a man from Chicago, who remained in the automobile in front of the house; that Miller told plaintiff in error he had another gallon of alcohol, twelve quarts of apricot brandy and six bottles of bonded whiskey, all of which he brought into the house, and that he, plaintiff in error, bought the liquors from Miller and paid him $86 therefor in bills. Plaintiff in error denied that he ever sold any liquor to Miller. He further testified that on December 14, between four and five o'clock P. M., he and his wife went to a hotel in town, each to take a bath, and when they returned, at about seven o'clock, found the door of their house broken down. Homer Bollinger testified that he and his wife were visitors at the home of plaintiff in error from the 12th to the 16th of December, and Bollinger corroborated the latter's testimony concerning the purchase of liquors from Miller and the condition of the door on the evening of the 14th of December. On rebuttal, Miller testified that he was not absent from Macomb on December 13 and that he did not arise until noon on that day. Plaintiff in error was arrested on December 30, and at that time told the sheriff that he was not acquainted with Miller.

It is first contended by plaintiff in error that the search warrant was illegally issued and that the evidence thereby obtained was improperly admitted. The warrant directed the sheriff to search "a certain dwelling house, barn, garage,

out-buildings and sheds located at 1055 Miller street, in the city of Bushnell." The description of the place to be searched, it is argued, is insufficient. There was no number on the house on the day of the trial. Fred Sperry, who had obtained his information from the telephone directory, testified that the property to be searched was known as 1055 Miller street. Two other witnesses who had resided in Bushnell for many years testified that the house of plaintiff in error was the only one on Miller street in the block numbered 1000. Plaintiff in error filed an affidavit in support of a motion to quash the search warrant, and in this affidavit, which was introduced in evidence, he swore that the sheriff and his deputies, by virtue of the warrant, searched the dwelling house located at 1055 Miller street, and that it was his private dwelling, occupied by himself and his family.

Section 6 of article 2 of the constitution provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized." Pointing out a definitely ascertainable place in terms of reasonable certainty is sufficient and a technical description of the place to be searched is not required. Blakemore on Prohibition,—2d ed.—pp. 446, 447; *People* v. *Lienartowicz,* 225 Mich. 303; *People* v. *Flemming,* 221 id. 609; *Commonwealth* v. *Intoxicating Liquors,* 122 Mass. 36; *McSherry* v. *Heimer,* 132 Minn. 260; *State* v. *Hesse,* 154 id. 89; *United States* v. *Borkowski,* 268 Fed. 408; *Hornig* v. *Bailey,* 50 Conn. 40; *State* v. *Comolli,* 101 Me. 47.

Plaintiff in error has cited seventeen cases upon the questions of the requisite certainty or particularity in the description of the place to be searched in a search warrant and the failure of the officer specifically to follow the direc-

tions of the warrant. In none of these cases, however, was the warrant held insufficient where the officer, by following the description contained in it, would have found the place to be searched and could have gone to no other place although the street number was omitted or was incorrectly given. Rules of construction are not to be invoked to make that clear which is obvious, (*State* v. *Comolli, supra,*) and they should not be permitted to make legally uncertain that which, as a fact, is definitely ascertainable. If the description of the place to be searched is sufficiently definite so that the officer to whom the warrant is directed may locate it with certainty there is a compliance with the constitutional provision in that respect. Following the warrant in the instant case the sheriff could not have gone to a house other than that in which plaintiff in error resided. The description of the place to be searched was sufficient.

Plaintiff in error argues that the complaint and affidavit upon which the search warrant was based did not charge him with the commission of a crime, and that the warrant, in consequence, was void. The complaint and affidavit stated that the affiant had just and reasonable grounds to believe, and did believe, that intoxicating liquor was unlawfully possessed and kept for sale by plaintiff in error in violation of the Prohibition act; that he, plaintiff in error, unlawfully possessed, at and within a certain dwelling house, barn, garage, out-buildings and sheds located at 1055 Miller street, in the city of Bushnell, intoxicating liquor containing more than one-half of one per cent of alcohol by volume and fit for beverage purposes, without a permit from the Attorney General, and that the reason for his, affiant's, belief was that he purchased such liquor from plaintiff in error, at the dwelling house mentioned, on December 14, 1925, and saw him bring the liquor so bought from that dwelling house at the time. The form of a complaint and affidavit for a search warrant is prescribed by section 29 of the Prohibition act. That form was approved

in *People* v. *Shields,* 309 Ill. 142, and was followed substantially in the instant case. Every material element of the offense charged, as defined by the statute, was stated in the complaint. The possession of the liquor, it was expressly alleged, was without the required permit. The complaint and affidavit were sufficient. (*People* v. *Zalapi,* 321 Ill. 484; *People* v. *Tate,* 316 id. 52.) Moreover, it was not necessary that the complaint and affidavit upon which the search warrant was based charge the commission of a crime, for the complaint did not serve as the basis of a criminal prosecution. *People* v. *Daugherty,* 324 Ill. 160.

It is further insisted that the sale of liquor at the dwelling house did not afford probable ground for believing that liquor was unlawfully possessed in the barn, garage, outbuildings and sheds, the search of which was authorized by the warrant. Because other buildings included in the warrant were not searched did not invalidate the proceeding with respect to the dwelling house in which the liquor was sold. Plaintiff in error has no reason to complain that all of the buildings which might have been searched under the warrant were not searched in fact.

The search warrant, it is asserted, was void because the complaint failed to show probable cause for its issuance, since it stated that Miller bought liquor from plaintiff in error on December 14, 1925, and the complaint was not verified until ten days later. No hard and fast rule concerning the time within which the complaint should be made can be established except that it should not be too remote. (*People* v. *Mushlock,* 226 Mich. 600; *People* v. *Chippewa Circuit Judge,* 226 id. 326.) It was unnecessary to state in the complaint the date on which the liquor was bought. (*People* v. *Shields, supra.*) The fact that plaintiff in error had sold intoxicating liquor to the affiant constituted just and reasonable ground to believe that he would continue to do so for a short period thereafter, and the affiant was not required to go to the home of plaintiff in error re-

peatedly to ascertain whether he had ceased to make such sales. The constitution guarantees against unreasonable searches and seizures, but it does not require the making of a complaint for a search warrant immediately following a purchase of liquor at a place proposed to be searched. The lapse of time between the sale to the affiant and the issuance of the search warrant was not so long or unreasonable as to render the proceeding void.

Objection is also made that the complaint and affidavit supporting the search warrant disclosed only a single sale of a pint of liquor, and that the warrant for that reason was void. The sale of a small quantity of intoxicating liquor at a given time in violation of the Prohibition act cannot be made with impunity. A person need not have knowledge of repeated sales or of sales of large quantities of liquor before he is qualified to make a complaint and affidavit upon which a search warrant may be issued.

Plaintiff in error further contends that to sustain the legality of the search it was incumbent upon the prosecution to offer the search warrant in evidence, and having failed to do so the evidence obtained by the search was improperly received and should have been excluded from the jury. A search warrant is an instrument in aid of a proceeding, and its sufficiency can be questioned whether it is offered in evidence or not. The sufficiency of the warrant was determined upon the motion of plaintiff in error to quash the warrant, made prior to the trial, and in that motion the search warrant was set out in full, and its issuance was not only not questioned but was admitted. In *Bates* v. *Commonwealth,* 247 S. W. (Ky.) 942, *Adams* v. *Commonwealth,* 246 id. 788, and *Fairchild* v. *Commonwealth,* 246 id. 786, relied upon by plaintiff in error, the question whether a search warrant had been issued was raised, and in those cases it was necessary to establish the fact. No such question was raised in the instant case, and

the prosecution was not required to offer the search warrant in evidence.

The eighth count of the indictment, plaintiff in error contends, is fatally defective because it fails to charge that he did not have a permit from the Attorney General. That count charges that plaintiff in error unlawfully and willfully possessed intoxicating liquor; that the possession of the liquor was prohibited and unlawful and in violation of section 28 of the Prohibition act, and that the liquor was possessed by plaintiff in error with intent to use it in violation of the act. It is not sufficient merely to charge an offense in the statutory language where the statute does not describe the act or acts which constitute the crime or where by its generality the statute embraces acts which it was not intended to punish. A count in an information or indictment charging the unlawful ownership or possession of intoxicating liquor under the Prohibition act should allege that such ownership or possession was without the proper or legal permit. (*People* v. *Lewis,* 319 Ill. 154; *People* v. *Larson,* 318 id. 615; *People* v. *Nelson,* 318 id. 424; *People* v. *Berman,* 316 id. 547; *People* v. *Wallace,* 316 id. 120; *People* v. *Barnes,* 314 id. 140; *People* v. *Martin,* 314 id. 110.) The allegations of the eighth count do not dispense with the necessary allegation of the want of the requisite permit, and the motion in arrest of judgment made by plaintiff in error in respect of that count should have been sustained.

It is urged that the offense charged in the fifth count of the indictment was not established by the evidence. Miller testified that he bought liquor from plaintiff in error. The liquor was delivered to the sheriff, who retained it in his custody except during the brief interval when it was submitted to the chemist for analysis. The liquor was admitted in evidence. Its alcoholic content, as shown by the analysis, was 33.6 per cent, which was sufficient proof of its intoxicating character. Other facts and cir-

cumstances show that plaintiff in error was guilty of the offense charged in the fifth count. Moreover, the weight of the evidence is for the jury to determine, and this court will not disturb a verdict of guilty or reverse a judgment of conviction on the ground that the evidence is insufficient to convict, unless the verdict is palpably contrary to the weight of the evidence or the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. *People* v. *Hicketts,* 324 Ill. 170; *People* v. *Thompson,* 321 id. 594; *People* v. *Jarecki,* 291 id. 80.

Finally, plaintiff in error contends that a judgment is a unit, and since the conviction cannot be sustained upon the eighth count, the judgment, as a whole, must be reversed. Plaintiff in error was sentenced to serve 120 days in the county jail and to pay a fine of $300 on the fifth count and to serve 90 days in jail on the eighth count, and the costs were adjudged against him. The sentence on the eighth count, it was ordered, should begin at the expiration of the sentence on the fifth count. The judgment upon the two counts was therefore separable. Upon a review of a judgment which consists of distinct and independent matters, so that an erroneous portion of the judgment can be segregated from the part that is correct, this court will not reverse the entire judgment but will set aside only such portion as is erroneous and leave the remainder undisturbed. The fifth and eighth counts charge separate offenses and the judgment on each of these counts is a separate judgment. *People* v. *Brush,* 324 Ill. 261 ; *People* v. *Elliott, 272* id. 592; *Borschenious* v. *People,* 41 id. 236.

Accordingly, the judgment to the extent only that it sentenced plaintiff in error to the county jail for the period of ninety days upon the eighth count is reversed. In all other respects the judgment is affirmed.

*Judgment affirmed in part and reversed in part.*