## The People of the State of Illinois, Defendant in Error, v. Charles E. Jackson and D. F. Williams, Plaintiffs in Error.

### Gen. No. 8,060.

1. SEARCHES AND SEIZURES—*sufficiency of complaint to search for intoxicants.* A complaint, the basis of a search warrant for intoxicants, is insufficient if it is unreasonably indefinite as to location, and silent as to the occupancy of premises on which intoxicants were alleged to be made.

2. SEARCHES AND SEIZURES—*necessity of alleging facts showing probable cause in search warrant complaint.* A complaint for a search warrant for intoxicants cannot be based merely on suspicion but must charge facts showing probable cause for the warrant.

3. INTOXICATING LIQUORS—*nullity of search warrant as ground for suppressing evidence.* A motion made before trial, to suppress evidence secured under a void search warrant and to quash the warrant, should be sustained.

4. CRIMINAL PROCEDURE—*error in judgment without arraignment or plea.* A judgment upon a verdict of conviction is erroneously entered against defendants who have not been arraigned or entered plea.

5. CRIMINAL PROCEDURE—*preserving exceptions to erroneous judgment.* Exceptions to a judgment of conviction, which is erroneously entered because the defendants have not been arraigned nor entered a plea, are properly preserved by a motion in arrest of judgment.

Error by defendants to the County Court of Pike county; the Hon. MARK BRADBURN, Judge, presiding. Heard in this court at the April term, 1927. Reversed and remanded. Opinion filed October 31, 1927.

L. T. GRAHAM and A. M. FITZGERALD, for plaintiffs in error.

EDWIN JOHNSON, for defendant in error.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

Plaintiffs in error on information were charged in the county court of Pike county with having the possession of a still, designed for the unlawful manufacture of intoxicating liquor and by a separate count with unlawfully possessing, for the purpose of sale, certain intoxicating liquor, etc. The record does not show that plaintiffs in error were arraigned or pleaded to the information. The conviction is based upon testimony procured under a search warrant, the complaint for which warrant charged:

"That he has just and reasonable grounds to believe that intoxicating liquor is now being unlawfully made within prohibition territory to-wit: At and within a certain house belonging to one Jackson and Williams, along hard road near Florence, Ill., in the ........ of ........ in the county and state aforesaid; and that the following are the reasons for his belief, to-wit: Have seen suspicious trips being made from house to car carrying something which rattled like bottles or jugs."

Plaintiffs in error, before the commencement of the trial, made a motion to suppress the testimony and evidence procured under the search warrant, and to quash the writ. This motion was denied. Section 29 of the Prohibition Act, Cahill's St. ch. 43, ¶ 30, particularly sets out the facts which shall be charged in the complaint, and a form of complaint is given, requiring the affiant to state a description of the house, building or premises, etc., and the particulars as to the location sufficiently to identify it, stating the name of the person occupying the same, if known. The complaint in question was unreasonably indefinite as to the location of the premises, and silent as to the occupancy. In both of these respects the complaint was insufficient. (*People v. Prall*, 314 Ill. 518; *People v. Shields*, 309 Ill. 142; *People v. Bishop*, 225 Ill. App.

610; *People v. Zalapi*, 321 Ill. 484, 492.) Neither did the complaint charge any facts which were the ground of probable cause, but is based upon suspicion only and in that respect is deficient. *People v. Elias*, 316 Ill. 376; *People v. Prall*, 314 Ill. 518; *People v. Shields*, 309 Ill. 142; *People v. Castree*, 311 Ill. 392; *Lippman v. People*, 175 Ill. 101, and *Myers v. People*, 67 Ill. 503.) The motion to suppress the testimony and quash the search warrant should have been sustained. There having been no arraignment of plaintiffs in error or plea entered by them, there was no issue to be tried and the verdict and judgment entered against them were erroneously entered. (*People v. Kennedy*, 303 Ill. 423; *People v. McCoy*, 240 Ill. App. 279, 280.)

Plaintiffs in error properly preserved their exceptions to the error by a motion in arrest of judgment. For the reasons stated the judgment of the county court of Pike county should be reversed and the cause remanded.

*Reversed and remanded.*