THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD SIMMONS, Plaintiff in Error.

*Opinion filed April 21, 1928—Rehearing denied June 13, 1928.*

1. PROHIBITION—*affidavit for a search warrant need not name party selling liquor.* An affidavit for a search warrant which is based on the fact that the affiant purchased intoxicating liquor at the place described need not name the person making the sale.

2. SAME—*when a search warrant describing garage authorizes search of a room used as a dwelling.* A warrant for the search of a building described as "a certain one-story frame garage building," giving street and number, "occupied as a garage and blind pig," authorizes the search of one corner of the building which is partitioned off with plaster board and used as a dwelling or office and which has but one door, which opens into the garage room. (*People* v. *Castree,* 311 Ill. 392, distinguished.)

3. SAME—*what is a "blind pig."* The term "blind pig" is synonymous with "blind tiger," and means a place where intoxicants are sold on the sly.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. CHARLES J. SEARLE, Judge, presiding.

SCHRODER & SCOTT, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, BENJAMIN S. BELL, State's Attorney, and MERRILL F. WEHMHOFF, (DAN H. McNEAL, of counsel,) for the People.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Edward Simmons, was convicted in the circuit court of Rock Island county, under the Prohibition act, for illegally possessing intoxicating liquor, and he was sentenced to confinement in the county jail of that county for a term of six months. The record is now before this court for review upon writ of error.

Plaintiff in error in his brief states: "There is involved in this case but two questions: The one as to the sufficiency of the complaint for search warrant, under the law and constitution, to authorize the issuance of a search warrant. The other as to the right of the officers executing the particular warrant to search not only that part of the building occupied for garage purposes, but also that part occupied and used by the defendant as a dwelling or place of residence." We have so frequently stated the requisites of a valid complaint for a search warrant that no good purpose would be served by reiterating them here.

In this case affiant, in the affidavit for the search warrant, stated: "He was at and within the above described premises on the 19th day of September, A. D. 1927, and there purchased one pint of intoxicating liquor commonly called hootch, or home-made whisky, for beverage purposes, and paid for the same the price of one dollar." It is contended by plaintiff in error that this allegation was not a sufficient basis for the allegation in the complaint "that he had just and reasonable grounds to believe that intoxicating liquor, as defined in the Illinois Prohibition act, is now un-

lawfully possessed and sold at and within the following de-
scribed premises," as the date of the sale was two days prior
to the making of the affidavit for the search warrant and
as it did not state the name of the person making such sale.
It was not necessary for the affidavit to state the name of
the person making the sale. In *People* v. *Holton,* 326 Ill.
481, it is said: "The search warrant, it is asserted, was
void because the complaint failed to show probable cause
for its issuance, since it stated that Miller bought liquor
from plaintiff in error on December 14, 1925, and the com-
plaint was not verified until ten days later. No hard and
fast rule concerning the time within which the complaint
should be made can be established except that it should not
be too remote. (*People* v. *Mushlock,* 226 Mich. 600; *Peo-
ple* v. *Chippewa Circuit Judge,* 226 id. 326.) It was un-
necessary to state in the complaint the date on which the
liquor was bought. (*People* v. *Shields,* 309 Ill. 142.) The
fact that plaintiff in error had sold intoxicating liquor to
the affiant constituted just and reasonable ground to believe
that he would continue to do so for a short period there-
after, and the affiant was not required to go to the home
of plaintiff in error repeatedly to ascertain whether he had
ceased to make such sales. The constitution guarantees
against unreasonable searches and seizures, but it does not
require the making of a complaint for a search warrant
immediately following a purchase of liquor at a place pro-
posed to be searched. The lapse of time between the sale to
the affiant and the issuance of the search warrant was not
so long or unreasonable as to render the proceeding void."

It is contended by plaintiff in error that in the affidavit
the premises to be searched were particularly described as
a garage, and that in the execution of the warrant the offi-
cers searched not only that part of the premises within the
general description that was used as a garage, but also a
smaller room in the building which was partitioned off
from the rest and which was used not as a garage but as

the dwelling place or home of plaintiff in error, and that it was from this latter room that all of the evidence introduced against plaintiff in error was obtained. The description of the premises contained in the search warrant is as follows: "At and within the following described premises: A certain one-story frame garage building located on the west side of Eleventh street between Fourth and Fifth avenues, the number of said building being 412 Eleventh street, in the city of Rock Island, in the county and State aforesaid, and which said premises are occupied as a garage and blind pig by one Edward Simmons." The evidence shows, without substantial dispute, that the building at 412 Eleventh street was an old frame building that had in the past been used as a livery barn, a wagon shop, a blacksmith's shop, and more recently as a garage; that there was a ground floor and a loft above; that the ground floor space consisted of a large room, which at the time in question was used for the storage of automobiles and for some repair work thereon, and a small room about ten feet square in the northeast corner of the building. The ground floor originally consisted of but one room, but about fifteen years after its construction the small room had been partitioned from the rest of the barn by means of plaster board, which formed the south and west walls of the room. The only entrance to this room was through the larger room, there being no door leading to the street. There were no rugs or carpet on the floor, and the furniture consisted of a cot, a box or safe, a desk containing the cash drawer, a few chairs, a telephone and a radio. It is referred to both by witnesses for the People and plaintiff in error as "the office." While in *People* v. *Castree,* 311 Ill. 392, it was held that where a defendant conducts a small store in one room of his dwelling house, a search warrant describing the premises as a store room, only, will not authorize search of the whole building where the defendant uses a part of the premises exclusively as a dwelling, as under the constitution the warrant must par-

330—32

ticularly describe the place to be searched, that holding is not applicable here, as the premises here in question were described not simply as a garage, as contended by plaintiff in error, but were designated as a one-story frame garage building, No. 412 Eleventh street, and it is stated that the premises are occupied "as a garage and blind pig." The term "blind pig" is used in common parlance for, and is synonymous with, "blind tiger," (8 Corpus Juris, 1123; Standard Dict.; *State v. Tabler, 72* N. E. 1039;) which term has been defined as meaning "a place where intoxicants are sold on the sly." (*City of Shreveport v. Maroun, 64* So. 388; *Legg v. Anderson,* 116 Ga. 401; *Cannon v. Merry,* 116 id. 291; *Town of Ruston v. Fountain,* 42 So. 644.) The evidence showed that the language used in the affidavit on which the search warrant was based aptly described the premises searched.

We are of the opinion that neither of the points urged by plaintiff in error for reversal is well taken, and the judgment of the circuit court of Rock Island county is therefore affirmed.