(No. 20502.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GUY JONES, Plaintiff in Error.

*Opinion filed February 18, 1931—Rehearing denied April 10, 1931.*

ROBERT W. BESSE, and PATTISON & LUNEY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and VINCENT A. BELL, State's Attorney, (JACOB J. LUDENS, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

The defendant was found guilty by a jury in the circuit court of Whiteside county under the first and third counts of an indictment charging violation of the Prohibition act. The first count charged unlawful possession and ·the third count charged unlawful selling. Defendant was sentenced to the county jail of Whiteside county for a term of six months under the first count and to pay a fine of $800 under the third count. From that judgment a writ of error was prosecuted to the Appellate Court for the Second District, which entered a judgment of affirmance, and the case is now here on writ of error for review.

Before the jury was impaneled defendant filed his petition to impound all of the articles obtained by the sheriff under a search warrant issued by a justice of the peace. The affidavit for the search warrant alleged that the affiant has just and reasonable ground to believe, and does believe, that intoxicating liquor containing more than one-half of one per cent of alcohol by volume is now unlawfully possessed and kept for sale for beverage purposes within prohibition territory, in violation of the Illinois Prohibition act, without first having obtained a permit therefor from the Attorney General of the State of Illinois. The reason stated for this belief is that affiant on March 23, 1929, "personally purchased intoxicating liquor containing more than one-half of one per cent of alcohol by volume for beverage purposes on said premises of the said Guy Jones." It is contended that the trial court erred in not granting the petition to impound the property seized, because the allegation in the complaint concerning the lack of a permit from the Attorney General is not a statement of fact but a conclusion. The allegation was unnecessary, and, at most, was mere surplusage. (*People* v. *Zalapi,* 321 Ill. 484.) A complaint for a search warrant need only state facts to show that the statute is being violated, and when it does it warrants a finding of probable cause. *People* v. *Daugherty,* 324 Ill. 160; *People* v. *Shields,* 309 id. 142.

It is also urged that the affidavit is insufficient in that it does not charge the intoxicating liquor was fit for beverage purposes. The term "intoxicating liquor" signifies that it is potable or fit for beverage purposes. (*People* v. *Cioppi,* 322 Ill. 353.) An information under section 3 of the Illinois Prohibition act charging the unlawful possession and sale of intoxicating liquor need not specify the kind of liquor sold or allege that it was fit for use as a beverage. The statute has defined the term "intoxicating liquor," and a defendant so charged is sufficiently informed of the nature

of the charge. (*People* v. *Alfano,* 322 Ill. 384.) An affidavit for a search warrant is not the basis of a criminal prosecution. (*People* v. *Daugherty, supra; People* v. *Holton,* 326 Ill. 481.) Technicalities not required in an indictment are certainly not necessary in a complaint for a search warrant. *People* v. *Zalapi, supra.*

Defendant insists that the trial court erred in admitting in evidence two bottles of liquor, identified as People's exhibits 20 and 22. A chemist testified that they contained one hundred per cent alcohol by volume at the time of their analysis, but defendant claims the record fails to show that they were kept inviolate from the time of purchase until analyzed, and were therefore not admissible in evidence. The record discloses that there were found on defendant's premises nineteen gallon cans of alcohol, three full ten-gallon kegs of whiskey, two partly full five-gallon kegs of whiskey, fourteen bottles of cordial, nine cases of bottled beer, besides other intoxicating liquors, cases of bottles, a quantity of corks, and other material incident to the business of dealing in intoxicating liquor. The witness who purchased the two bottles of liquor testified that when he took them home he drank from each of them and that they each contained intoxicating liquor. He also testified that he purchased intoxicating liquor from the defendant on two other occasions, and another witness testified to two similar purchases. Even if it be conceded that the two exhibits were not properly preserved after the witness drank from them and were improperly admitted in evidence, yet in view of the other conclusive evidence of defendant's guilt it is apparent that if the exhibits were excluded no different result might be expected upon another trial. The error, if any, would not justify a reversal. (*People* v. *Weir,* 295 Ill. 268.) What we have said also applies to the admission in evidence of bottles with labels pasted over the corks. The matter written upon the labels was otherwise proved by competent evidence.

It is further urged that the court unduly limited the cross-examination of a paid investigator in sustaining an objection to the question, "Do you desire to hold your job?" after the witness had testified that his job depended to some extent upon the convictions he procured. The court also ruled that this same witness need not state the detailed items of his expense account after giving the lump sum. Both matters were immaterial and the court properly sustained objections to these questions. (*People* v. *Harrison,* 318 Ill. 316.) The latitude to be allowed in the cross-examination of witnesses rests largely in the discretion of the trial court, and a cause will not be reversed for alleged improper rulings in that respect unless such discretion has been clearly abused. *Brennen* v. *Chicago and Carterville Coal Co.* 241 Ill. 610.

Further objection is made to the admission of evidence showing sales on dates not charged in the indictment. The admission of evidence showing sales on dates not charged in the indictment was not error. The time of the commission of the offense was not of its essence and it was not necessary to prove it as laid. It was sufficient to lay the offense on any day before the return of the indictment and within the period of limitation, and proof that the offense was committed on any day within that period prior to the return of the indictment or filing of the information is sufficient. *Kettles* v. *People,* 221 Ill. 221.

We have not failed to note the other assignments of error presented, particularly those relating to certain instructions claimed to have been improperly given or refused. After a careful examination of these instructions we are satisfied that none were given or refused which prejudiced the defendant or prevented him from receiving substantial justice. The evidence conclusively shows his guilt.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*